IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR463

ANTONIO AUGUSTINE-NERI

### MEMORANDUM OPINION

Antonio Augustine-Neri, a federal inmate proceeding pro se, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Augustine-Neri raises two grounds for relief:

> **Claim One** "Augustine-Neri contends that his sentence exceeded the applicable stat[ut]ory maximum, either because due process required the aggravated felony to be alleged in the indictment or because § 1326(b)(2), is an unconstitutional sentencing enhancement." (Mem. Supp. § 2255 Mot. 7-8.)

> **Claim Two** Augustine-Neri received the ineffective assistance of counsel because counsel failed to investigate Augustine-Neri's prior convictions which "should not have been used to incre[a]se his sentence by 16-level[s] for a crime of violence." (Id. at 12.)

In its response, the Government notes that, because the United States Court of Appeals for the Fourth Circuit rejected nearly identical claims on direct appeal, Augustine-Neri cannot demonstrate entitlement to relief in these collateral proceedings.

# I. PROCEDURAL HISTORY

After a bench trial, the Court convicted Augustine-Neri of illegally reentering the United States after having previously been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The Court sentenced Augustine-Neri to 125 months of imprisonment.

On direct appeal, the Fourth Circuit rejected Augustine-Neri's arguments that his sentence exceeded the statutory maximum or violated due process:

> Augustine-Neri next challenges the indictment and sentence, arguing that the district court violated his right under the Sixth Amendment to a jury trial because prior convictions were relied upon to prove the existence of a prior aggravated felony in the indictment and to increase the offense level. Augustine-Neri did not object to the indictment or sentence on the grounds that they violated Apprendi v. New Jersey, 530 U.S. 466 (2000) in the district court and, therefore, this issue is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). However, as Augustine-Neri waived his right to a jury trial, the claim as to the indictment is without merit. Further, he admitted the prior convictions.
> In addition, the mere fact that the increased guidelines range is based on the fact of a prior conviction forecloses Augustine-Neri's argument. As this court has repeatedly recognized, "the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005). Therefore, the Government did not have to include the fact of Augustine-Neri's prior convictions in the indictment and was not

> required to prove the prior convictions beyond a reasonable doubt. Moreover, Augustine-Neri was not exposed to a sentence beyond the prescribed statutory maximum. See Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). We therefore find no plain error.

United States v. Augustine-Neri, 343 F. App'x 920, 922 (4th Cir. 2009) (parallel citations omitted).

## II. ANALYSIS

Claim One is barred from review here because the Fourth Circuit rejected the claim on direct review and Augustine-Neri fails to direct the Court to an intervening change in the law that would warrant its reconsideration. See United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009)(citing cases); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, Claim One will be dismissed.

In Claim Two, Augustine-Neri vaguely complains that he received ineffective assistance of counsel because counsel failed to investigate Augustine-Neri's prior convictions which "should not have been used to incre[a]se his sentence by 16-level[s] for [a] crime of violence." (Mem. Supp. § 2255 Mot. at 12.) On direct appeal, the Fourth Circuit rejected Augustine-Neri's argument for the exclusion of his prior convictions in

3

calculating his offense level. <u>United States v. Augustine-Neri</u>, 343 F. App'x 920, 921-22 (4th Cir. 2009).

> Augustine-Neri first challenges the district court's application of a sixteen-level upward adjustment in calculating the advisory guidelines range. <u>See</u> U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2 (b)(1)(A) (2007). Augustine-Neri argues that since prior convictions for which a defendant completed his term of imprisonment more than fifteen years prior to the date of the offense of conviction are not considered in calculating criminal history under the guidelines, such convictions should likewise not be considered in determining the applicable offense level under the guidelines. <u>See</u> USSG § 4A1.2. Therefore, Augustine-Neri argues, since he completed his sentences for his prior convictions for crimes of violence more than fifteen years prior to the date of his arrest for the instant offense, these prior convictions should not be considered in determining the applicable offense level.
> . . . . We have thoroughly reviewed the record and conclude that Augustine-Neri has failed to demonstrate that the district court erred in calculating the advisory guidelines range by including the challenged offenses under USSG § 2L1.2 (b)(1)(A)(ii).

<u>Id.</u> Augustine-Neri fails to articulate what investigation by counsel would have resulted in the exclusion of his prior convictions from the calculation of his sentence. Because Augustine-Neri fails to demonstrate prejudice, Claim Two will be dismissed. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). The § 2255 Motion will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability

4

("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Augustine-Neri is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Augustine-Neri and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 10, 2012
Richmond, Virginia

5